## J. B. JAMISON V. ALVARADO COMPRESS & WAREHOUSE COMPANY.

### Decided February 9, 1907.

**1.—Application of Payments—Limitation.**

Where there is a continuous account between two parties consisting of many items, and no application of payments is made by either party, the payments will be applied to the debits according to the priority of time.

**2.—Finding of Fact—No Exception—Cross Assignment.**

When an appellee fails to except to a finding of fact by the trial court a cross-assignment of error based on such finding will not be considered on appeal.

Error from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*Davis & Davis* and *Culp & Giddings,* for plaintiff in error.—The first item of fifty-one dollars and twenty-two cents in said account was an account stated and was barred by limitation in two years after same was rendered. Rev. Stats., art. 3354; Campbell v. Park, 33 S. W. Rep., 754, and authorities cited; Holliman v. Rogers, 6 Texas, 96; Hall v. Hodge, 2 Texas, 324.

This not being a mutual and current account between merchant and merchant, each item of the account was barred in two years after it accrued. Rev. Stats., art. 3354; Lowe v. Dowbain, 26 Texas, 507; Hassler v. Kay, 1 Texas App. Civ., 363; Campbell v. Park, 35 S. W. Rep., 755; Holliman v. Rogers, 6 Texas, 98; Howard v. Randolph, 11 S. W. Rep., 423.

*S. C. Padelford,* for defendant in error.—The plaintiff in error being the manager of the defendant in error under an employment of $75 per month drew on his salary certain checks at different times which were in payment of the salary, and consequently the salary was in payment of the checks, and there was an implied agreement, if not an expressed one, that one should absorb and satisfy the other. 2 Am. & Eng. Ency. of Law, 450 (2d ed.).

Where the debtor has not expressly applied the payments at the times made, the law authorizes the creditor to do so, and the defendant in this case having applied the payments in accordance with the payments, that is the oldest payments was applied to the oldest salary received and the salary accruing last was applied to the oldest money paid on drafts drawn on the salary, and the plaintiff in error not having applied the payment, and the defendant in error having so applied the payments, the court did not err in applying the payments as the law and as the defendant in error applied them. Thatcher v. Tillory, 70 S. W. Rep., 782.

BOOKHOUT, ASSOCIATE JUSTICE.—The defendant in error, Alvarado Compress & Warehouse Company sued plaintiff in error, J. B. Jamison, for an alleged balance of seven hundred and sixty-seven dollars and fifty cents due upon a mutual account, the first item of which is dated October 5, 1899, and runs down to the 1st day of March, 1904.

The plaintiff in error, Jamison, pleaded the statute of limitations of two and four years, and also in reconvention and counterclaim for twelve hundred and ninety-seven dollars and seventeen cents, services rendered as manager for plaintiff and money paid out for them. A trial before the court without a jury resulted in a verdict for defendant in error for three hundred and sixty-seven dollars and fifty cents. Plaintiff in error prosecutes this writ of error from said judgment. It is contended that the first item of the account sued on was an account stated and was barred by the statute of limitations of two years. The suit was begun December 14, 1904. On the 5th day of October, 1905, the plaintiff filed its first amended petition in which it set up an account and attached the same as an exhibit to the petition. The first item of this account reads: "October 5, 1899, to balance due upon statement rendered, $51.22."

In the summer of 1897 the compress company employed the said J. B. Jamison as manager of its cotton compress in Alvarado, Texas, agreeing to pay him as wages the sum of $75 per month for the period of eight months for every year. The plaintiff in error as such manager would draw drafts on the plaintiff for his wages and would charge up against himself the draft which he had drawn, and then charge up his wages against the defendant in error. This continued until October 5, 1899, when it was found that the plaintiff in error had overdrawn his amount of wages in the amount of $51.22. Thus, the compress company had advanced to Jamison $51.22 in excess of the salary then earned by him. Thereafter Jamison continued in the employ of the compress company without any agreement as to change of salary until the first of 1903, when he was discharged. He was given credit each month for his salary as it was earned. During this time the compress company advanced money on the checks of Jamison from time to time as against his salary. On December 15, 1902, the defendant in error drew off an account showing how it and the plaintiff in error stood which account was the same as that made a part of plaintiff's first amended original petition and this account was presented to the plaintiff in error and he made no objection to it. According to this account the plaintiff in error was indebted to the defendant in error at the time that their business relationship ceased in the amount of $767.50.

The court in his conclusions of fact finds that all of plaintiff's account is correct and that every item charged is correct, except the amount of salary allowed the defendant for the last two years and the court allowed $200 more each year for the last two years than for the preceding years.

The account did not set forth the debits and credits prior to October 5, 1899, for it seems to have been agreed by the parties on that day that Jamison owed the compress company $51.22. The trial court having found that Jamison was entitled to a credit of two hundred dollars for each of the last two years he was manager of the compress company, four hundred dollars was deducted from the seven hundred and sixty-seven dollars and fifty cents sued for and judgment given in favor of the compress company for three hundred and sixty-seven dollars and fifty cents. It seems from the judgment the court appropriated the salary as earned by Jamison in payment of the oldest items in account.

Thus the item·of $51.22 due on October 5, 1899, was paid out of the salary earned by Jamison for the month of October, 1899, and so on all through the account and in thus appropriating the payments none of the account was barred by limitation. The evidence does not disclose that Jamison made any specific application of the payments made by him, nor is it shown that the compress company made any such application, except to credit the salary as earned by him on the account. When, as in this case, there is a continuous account consisting of many items, if no application of payments is made by either party, they will be applied according to the priority of time. The first item on the debit will be discharged, or so far satisfied as the first payment may extend, and in this order will every payment be appropriated. Willis & Bro. v. McIntyre, 70 Texas, 34; Allen v. Culver, 3 Denis, 284. The court properly applied the payments to the debits first in priority of time.

These remarks dispose of the several assignments of error presented in the brief for plaintiff in error and the same are overruled.

The defendant in error has cross assigned error in which it is insisted that the trial court erred in not rendering judgment in favor of defendant in error for $767.50 and interest, because the facts show that the compress company employed J. B. Jamison for a salary of $75 per month during the cotton season, making $600 per year and the trial court erred in allowing him $800 per year for the last two years of his services. The cross assignment raises the question of the correctness of the court's findings of fact, but the defendant in error failed to except to the findings or to the judgment. Not having excepted to the findings of fact or the judgment the defendant in error will not be heard to complain of the same on appeal. (Buster v. Warren, 80 S. W. Rep., 1065; Drake v. Davidson, 66 S. W. Rep., 891; Continental Ins. Co. v. Milliken, 64 Texas, 48.)

Finding no error in the judgment the same is affirmed.

*Affirmed.*