## R. A. STONE v. IVISON PETTUS ET AL.

Decided June 11, 1907.

**1.—Juror—Educational Qualification.**

The fact that a juror was not sufficiently educated to calculate interest by the rule of partial payments is not a statutory cause for challenge, and the discretion exercised by the trial judge in passing on such objection will not be revised unless it appears that the ruling resulted in preventing a fair and impartial trial. Rev. Stats., arts. 3139 and 3140.

**2.—Trial—Opening and Conclusion.**

Where the defendant admits plaintiff's right to recover unless it be defeated upon the affirmative grounds set up in his answer, and this admission is entered of record, the defendant has the right to open and conclude the evidence and the argument.

**3.—Payments—Evidence of.**

Where the defendant pleads a number of payments on the notes sued on and offers evidence in different forms of the same items of payments, as for instance by statements of account and by receipts, it will not be presumed that the jury credited such items twice, and the admission of the evidence is not cause for reversal.

**4.—Note—Compound Interest.**

When the interest on a note is payable annually legal interest should be allowed on past due installments of interest.

**5.—Application of Payments.**

The debtor has the right to say to what account payments made by him should be applied, and in the absence of such direction the creditor may make the application, provided it be not inequitable or unjust to the debtor, and this right of the creditor is not limited to the very time the payment is made, but may be exercised at any time before a controversy arises about the matter.

**6.—Charge—Issue.**

It is error to give a charge which ignores a material issue raised by the evidence, and likewise to submit an issue not raised by the evidence.

**7.—Mortgagee—Purchase of Mortgaged Property—Credit.**

When mortgaged property is owned by several persons and the mortgagee

acquires the interest of one of such persons in the property, in the absence of an agreement to the contrary the mortgage debt should be credited with only a proportionate part of the debt, and not with the full value of the interest acquired.

Appeal from the District Court of Fort Bend County. Tried below before Hon. Wells Thompson.

*D. R. Pearson,* for appellant.—A juror who has not sufficient intelligence to arrive at a verdict without assistance is an incompetent, unfit and illegal juror. Rev. Stats., art. 3208; International & G. N. Ry. v. Bingham, 13 Texas Ct. Rep., 972; Gulf C. & S. F. Ry. v. Mitchell, 45 S. W. Rep., 820.

Defendants, James and George Holt, having an answer on file requiring plaintiff to prove his case, and not having made any admission of the plaintiff's cause of action, the other defendants could not procure the right to open and conclude in the evidence and the argument. Rule 31, District Court Rules, 67 S. W. Rep., 22; Hittson v. State Nat. Bank, 14 S. W. Rep., 780; Steed v. Petty, 65 Texas, 490; Sanders v. Bridges, 67 Texas, 93; Harris v. Pinckney, 55 S. W. Rep., 39.

The admission made by the defendants, except Holt, and under which they were given the opening and conclusion with the evidence and in the argument, was insufficient to give them that right, because it was made verbally and not in writing. Ayers v. Lancaster, 64 Texas, 311; Smith v. Eastham, 56 S. W. Rep., 218.

The answer of said defendants on file denied that any amount was due on the notes in suit, hence the said defendants did not admit the plaintiff's right to recover upon the first count in his petition. Sanders v. Bridges, 67 Texas, 94; Ferguson Co. v. City Nat. Bank, 71 S. W. Rep., 604; Mut. Life Insurance Co. v. Baker, 31 S. W. Rep., 1072; Mobile Co. v. Boero, 55 S. W. Rep., 361.

If defendants had the right to contradict their admissions, under the ruling of the court giving them the conclusion in evidence and argument, and placing the burden of proof on them, they had the burden to prove that the payment shown by the receipt was made on the notes in suit, and not for some other purpose, or that creditor had made no application thereof, or that Pettus was not then indebted to Sam Stone on open account. Cherry v. Butler, 17 S. W. Rep., 1091; Eastham v. Patty, 11 Texas Ct. Rep., 650; 3 Elliot, Evi., sec. 2576; Tucker v. Brackett, 25 Texas Sup., 202; 2 Greenleaf, sec. 516.

The plaintiff being entitled to recover 6 per cent interest upon each unpaid matured installment of interest, the charge requested should have been given, and the refusal to do so is reversible error. Ponton v. Ballard, 24 Texas, 620; Hudson v. Morriss, 55 Texas, 610; Galveston, H. & S. A. Ry. v. Parish, 15 Texas Ct. Rep., 334; Galveston v. Sullivan, 42 S. W. Rep., 568; Gulf, C. & S. F. Ry. Co. v. Richards, 11 Texas Civ. App., 102.

*M. J. Hickey* and *Spencer C. Russell,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the appellant against the appellees for the recovery of two tracts of land described in the petition, and in event judgment for the land should be denied him plaintiff prayed in the alternative for recovery of the amount due upon five promissory notes executed by appellee Ivison Pettus in part payment of the purchase money for said land, and for foreclosure of the vendor's lien. After the institution of the suit plaintiff purchased the interest of appellee Jane Holt in the land in controversy and thereafter filed an amended petition setting up the fact of such purchase and praying, in addition to the prayer of his original petition, that in any event he have judgment for said Holt interest and for partition.

The defendant Pettus answered by general and special exceptions, and general denial, and specially pleaded that the notes described in plaintiff's petition had been fully paid and satisfied long before the institution of this suit. The dates and amounts of numerous payments claimed to have been made on said notes are set out, and it is also averred that the Holt interest in the land was conveyed to plaintiff in part satisfaction of said notes, and there is a prayer that the value of said interest be credited on the notes. This answer was adopted by all the defendants except Jane Holt, who had adopted the original answer of defendant Pettus, but after the sale to plaintiff of her interest in the land filed no further pleading and does not appear to have been further connected with the suit, though her original answer was not formally withdrawn.

The trial in the court below was by a jury, and resulted in a verdict and judgment in favor of defendants for all of the land except the Holt interest, which was adjudged to plaintiff, and it was further adjudged that plaintiff take nothing by his suit upon said notes.

For the purpose of this opinion the following is a sufficient statement of the facts: In 1890 Sam Stone conveyed the land in controversy to Ivison Pettus and in part payment therefor took from said Pettus five promissory notes for the sum of $214 each, payable respectively in 1, 2, 3, 4 and 5 years from date, with interest at the rate of 10 per cent per annum payable annually. Sam Stone died in 1899 and in the partition of his estate the notes above described were set apart to plaintiff R. A. Stone. These notes show no credits except for the interest which accrued thereon prior to 1899. There is evidence of various payments by Pettus to Sam Stone prior to the death of the latter, but it is not shown that these payments were, by the agreement of the parties or by the direction of Pettus, to be applied to the payment of the land notes. Other indebtedness of Pettus to Sam Stone of considerable amount was shown. A portion of this indebtedness was evidenced by a note for $750, and the balance was upon open account.

The evidence in the record of the payments claimed to have been made by Pettus consists largely of statements rendered him by Sam Stone which it is difficult to clearly understand and it is impossible for us to determine accurately from the record the sum of the payments made by said defendant.

The land was purchased by Pettus for a homestead and has been used by him as such ever since its purchase. He had a wife living at the time he purchased the land. She died a few years before this suit was brought and the other defendants are her children and as such have inherited her one-half interest in the land.

The first assignment of error complains of the ruling of the trial court in refusing to sustain a challenge for cause made by plaintiff to the juror, Henry Green, on the ground that said juror was not sufficiently educated to be able to calculate the interest upon the notes sued on under the rule applicable to partial payments. There was no error in this ruling. The only educational qualifications required by the statute to render a juror competent is that he shall be able to read and write, and this requirement may be dispensed with when there is not a sufficient number of jurors in the county possessing such qualification. Rev. Stats., arts. 3139 and 3140.

A challenge for cause is an objection to a juror on the ground that he is not qualified under the provisions of the statute fixing the qualification of jurors, or upon some ground which in the opinion of the court renders him unfit to serve as a juror. When the objection is made upon a ground other than those mentioned in the statute the exercise by the trial judge of his discretion in passing upon such objection will not be revised unless it appears that the ruling has resulted in preventing a fair and impartial trial. Couts v. Neer, 70 Texas, 468. It can not be held that because one of the jurors who tried the case was unable to calculate the interest which accrued on the notes appellant's right to a fair and impartial trial was infringed.

The court did not err in permitting the defendants to open and conclude the evidence and argument in the case. The defendants admitted plaintiff's right to recover unless it could be defeated upon the affirmative grounds set up in their answer, and this admission was entered of record. Upon this state of the record the burden of proof was upon the defendants and they were therefore entitled to open and close the case.

We shall not discuss in detail the various assignments complaining of the ruling of the trial court upon the objections made by plaintiff to the introduction by the defendants of the receipts and statements showing payments made by defendant Pettus to Sam Stone. None of these assignments present any error which would require a reversal of the judgment. Some of the items shown in the statements of account offered in evidence appear to be the same items embraced in some of the receipts, and of course defendants were not entitled to be credited twice with the same payment, but it can not be presumed that the jury gave such credits, and the fact that some of the receipts covered the same payments shown in the statements did not render such receipts or statements inadmissible in evidence.

The seventeenth assignment complains of the refusal of the trial court to instruct the jury that plaintiff was entitled to recover

interest at 6 percent upon all unpaid annual installments of interest from the date such installments became due until same were paid. The requested charge upon this subject was not a correct statement of the law in that it instructed the jury to allow 8 per cent interest on the overdue installments of interest, and for this reason it was properly refused; but the rule of law invoked by the assignment is well settled and was applicable to facts shown by the evidence in this case. De Cordova v. Galveston, 4 Texas 482; Roane v. Ross, 84 Texas, 46; Lewis v. Paschal, 37 Texas, 319; Crider v. San Antonio Loan Association, 89 Texas, 597.

The twenty-first assignment of error complains of the following paragraph of the court's charge.

"The defendants had a right to direct to which of the two debts such payments were to be applied, provided that he did so at the time of the payment, or by general direction and agreement made prior to the time of actual payment. If there were no such directions given at the time of such payment, the plaintiff had the right to apply the payment to such debt as he chose, provided he make such application at the time of the payment."

This charge is not an accurate statement of the law in that it limits the creditor's right to make an application of payments to the very time the payments were made. If the application made by the creditor is not inequitable or unjust to the debtor there is no reason why it should not be made at any time before a controversy arises between the parties as to which indebtedness it should be applied, and certainly such application might be made within a reasonable time if there was no such change in the condition of the debtor or his relation to the creditor as to render the application inequitable or unjust to him. Thatcher v. Tillory, 70 S. W. Rep., 783.

The charge was further objectionable as applied to the facts of this case because it ignores an issue raised by the evidence of an agreement between Sam Stone and defendant Pettus made in 1898, after all the payments in question had been made, by which such payments were applied to other indebtedness than the notes upon which plaintiff sues.

The twenty-third assignment complains of a paragraph of the charge in which the court submits the issue of a general agreement between Sam Stone and defendant Pettus that all payments made by Pettus should be applied to the notes given for the purchase money of the land. There was no evidence of such an agreement and it was error to submit such an issue to the jury.

The twenty-fourth assignment is as follows: "The court erred in giving charge No. 1, asked by defendants, which is in the following words and figures, to wit: 'The evidence shows that plaintiff has acquired the interest of Jane Holt in the land in controversy. The said Jane Holt was one of the five children of Paulina, the deceased wife of defendant Pettus, and her interest amounted to one-tenth of the land subject to the plaintiff's claim, if any, and by acquiring her interest plaintiff released his claim to the extent of the value of her interest, which was some time in the fall

of 1905. If you find that defendant still owes anything on said land, you will credit the value of Jane Holt's interest according to its value last fall, when plaintiff acquired it.' "

The interest of Jane Holt in the land for the purchase money of which the notes sued on were given, as between her and the other owners of the land could only be held bound for its proportionate share of the unpaid purchase money, and it is clear that if she had sold said interest to a third party the other owners of the land could only require that such interest be made to contribute its proportionate share of the indebtedness, that being the extent of the lien to which they could subject such interest.

When this plaintiff, who was the holder of the mortgage indebtedness, acquired the interest of Jane Holt in the mortgaged property, under the doctrine of merger of estates, only that proportion of the indebtedness which was a charge upon such interest was thereby extinguished, unless as a part consideration for the sale to him he agreed that the entire value of said interest should be credited on the indebtedness. There is no evidence of any such agreement. The deed to appellant recites a valuable consideration, and if the consideration was so inadequate as to justify a cancellation of the deed the appellees could not attack the sale on that ground, and the vendor Jane Holt has not asked for such relief.

It would serve no useful purpose to discuss the remaining assignments. What we have said disposes of all the material questions presented by the record.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*