COMPTON v. AHRENS & OTT MFG. CO.

(Court of Civil Appeals of Texas, Galveston. Nov. 22, 1912.)

1. PAYMENT (§ 39*)—APPLICATION—RIGHT OF CREDITORS.

Where a debtor making a payment gives no direction as to the application thereof, the creditor may generally do so; and the application need not be made by him at the time of payment, provided it is done within a reasonable time thereafter.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 104–114; Dec. Dig. § 39.*]

2. PAYMENT (§ 75*) — APPLICATION — EVIDENCE.

The application by a creditor of a payment, where the debtor gives no directions as to application, may be established by circumstances.

[Ed. Note.—For other cases, see Payment, Cent. Dig. 239; Dec. Dig. § 75.*]

3. PAYMENT (§ 75*) — APPLICATION — EVIDENCE.

A guaranty covered $1,200 of an account of $1,450.53. The debtor made a partial payment of $500, without direction as to its application. The guarantor was advised of the payment, and three months thereafter the creditor demanded payment of the balance due on the account, and the guarantor replied that a remittance would be made about a designated future date. Held, that the creditor first applied the partial payment to the amount in excess of the guaranty, and the balance on the guaranty, so that the guarantor was liable for the balance.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 239; Dec. Dig. § 75.*]

Error from Galveston County Court; James B. Stubbs, Special Judge.

Action by the Ahrens & Ott Manufacturing Company against E. H. Compton and another. There was a judgment for plaintiff, and defendant named brings error. Affirmed.

Geo. G. Clough, of Galveston, for plaintiff in error.

REESE, J. This is an appeal from a judgment of the county court. E. H. Compton was sued, along with his principals, by Ahrens & Ott Manufacturing Company as guarantor of a certain account for goods and merchandise sold by appellee Ahrens & Ott Company to the Compton Plumbing Company, or Compton & Athey. The entire account amounted to $1,450.53. The guaranty of appellant covered $1,200 of the account. The principal debtors made, at three different times, payments amounting in the aggregate to $940, which appellees claimed should be applied, or had been applied by them, to that

---

part of the account not covered by the guaranty, leaving the guarantor liable for the entire balance of $510. On the other hand, appellant contends that the amounts paid should be applied to that part of the account secured by the guaranty, which would have left only $260 for which he would be liable. The case was tried without a jury, and the court held with appellees, and rendered judgment against the principal debtor, appellant (the guarantor), for $510.53, from which judgment he appeals by writ of error. We use the terms of appellant and appellees for brevity.

The debtor gave no directions as to the application of the several payments. So far as the books of appellees show, they were credited generally upon the account of $1,450.53. If this were all that there was on this point, we would be confronted with the vexatious question, upon which there is so much conflict in the authorities, at least in the practical application of principles to the concrete facts of particular cases, of the application of payments by the court, as between several items of indebtedness, when no application has been made by either debtor or creditor before suit brought.

[1] The debtor having made no application, the creditor had the right, generally, to do so; and it is not necessary that such application should have been made by him at the time of payment, provided it be done within a reasonable time thereafter. Stone v. Pettus, 47 Tex. Civ. App. 14, 103 S. W. 415; 30 Cyc. 1238.

[2] Such application may also be established by circumstances. Bray v. Crain, 59 Tex. 652; 30 Cyc. 1237.

[3] Three months after the first payment of $500 had been made, and of which appellant had been advised, reducing the entire account to $974.43 (interest included), appellees wrote to appellant as follows: "As you have not seen fit to reply to our recent communication relative to the account of Athey & Compton of $974.43, which was guaranteed by you, we are surprised at your ignoring our letter, and we take this means of advising that unless we receive some assurance from you that this account will be paid within a short time it is our intention to place same in the hands of our attorney. We hope that you will not permit matters to be brought to this issue but that you will arrange to see that check is forthcoming without delay." Appellant replied to this letter as follows: "Yours of the 30th inst. is at hand, and I have written you on different occasions in regard to Athey & Compton's account and I assure you that everything is all O. K. Their collections have been very slow in the past month. I think they will be able to make a remittance about the 20th of this month. Hoping this is satisfactory, I remain."

Appellant knew that $500 had been paid on the entire account. If this had been applied to that part secured by his guaranty, it would have reduced the amount for which he was liable to $700. This letter is a demand upon appellant for $974, and indicates that so much of the $500 as was required for that purpose had been applied to the payment of the unsecured part of the account, and the balance applied to that part secured by the guaranty. In no other way would appellant's liability be the amount for which demand was made on him by appellees. We think it a reasonable inference or deduction from this circumstance that appellees had at the time of, or previous to, the date of this letter made such application of the $500. The letter was certainly sufficient to so inform appellant, who in his reply made no objection thereto, but apparently acquiesced therein. The trial court so construed this correspondence, and found that there had been such application of this payment. We think this conclusion was correct. This left the entire balance of $974 then due secured by the guaranty. Subsequent payment reduced this amount to the amount for which judgment was rendered against appellant, as guarantor. We find no error, and the judgment is affirmed.

Affirmed.