## PALM v. JOHNSON.   (No. 7020.)

(Court of Civil Appeals of Texas.   San Antonio.   Nov. 14, 1923.)

**1. Pleading 365(1)—Motion to strike out portions of amended petition held properly refused.**

A motion to strike out portions of an amended petition, nearly two years after such amendment had been filed, and after the cause had proceeded to trial, is properly refused, where amendment was filed prior to the trial, and after defendant had appeared and answered the original petition.

**2. Appeal and error 1041(2) — Defendant not prejudiced by permitting application of payments to items of longest duration.**

Where the original petition in a suit for rentals did not show a definite application of the various payments made, defendant was not prejudiced by an amendment to the petition showing the application at the time of payment to the items of longest duration.

**3. Payment 38(4), 39(9)—Application cannot be changed except by agreement.**

Applications of payment, once made, cannot be changed except by mutual consent of the parties.

**4. Payment 39(1)—Creditor may apply in absence of direction.**

In the absence of specific direction to the contrary, by lessee, the lessor may make applications of rent paid to the items of rent longest due and unpaid.

**5. Payment 39(8)—Creditor must make appropriation of payments on running account, unless otherwise directed by debtor.**

In the application of payments, the creditor must make the appropriation, and if not at the time of the payment, then within a reasonable time thereafter, unless otherwise instructed by debtor at the time of payment or before its application.

**6. Payment 43—Payment applied to items longest due and unpaid.**

The law applies payments to items of an account longest due and unpaid.

**7. Payment 39(7)—Amended petition held an election to extinguish items in order of time which they stood in account.**

An amended petition, in a suit for rentals past due, applying various payments to specific months, *held* an election to extinguish the items of rent antecedently due, in the order of time in which they stood in the account.

Appeal from District Court, Gonzales County; Lester Holt, Judge.

Suit by M. L. Johnson against G. B. Palm. Judgment for plaintiff, and defendant appeals. Affirmed.

Carl & Swearingen, of San Antonio, for appellant.

W. T. Miller, of Gonzales, for appellee.

COBBS, J. Appellee filed this suit on the 18th day of December, 1920, against appellant, to recover judgment for balance due for monthly rentals and past-due interest thereon, for lots in Nixon, Gonzales county, Tex., upon which is located a brick store building, used and occupied by appellant as a drug store, beginning December 1, 1914, at the rate of $35 per month, and later, on December 1, 1919, at the rate of $45 per month, at which time there was due a balance of $1,190, as shown by the statement attached to appellee's petition; also for the further sum of $45 rent due for December, 1920, and to secure which appellee sought the foreclosure of his landlord's lien on the goods, wares, merchandise, and fixtures located in the building.

On January 4, 1921, appellant filed an answer presenting a general demurrer, general denial, and special exceptions to those items of rents for the years maturing from December 1, 1914, to the year maturing December 1, 1918, averring specially that those items appeared barred by the two years' statute of limitation, and did not show the rate of rent nor dates of rent. Appellant admitted he owed rents from April 15, 1920, to December, 1920, amounting to $340, and denied that he owed any further sum when suit was filed, but offered to pay $40 for the month of January, 1921, and averred that the items of rent set out, maturing from December 1, 1914, were barred by the statute of limitation of two years, at the time this suit was filed, and tendered and paid into court the sum of $340.

On January 26, 1921, appellee filed an amended original petition upon which the case was tried, and to which the appellant filed no answer or further pleading.

After applying the $340, paid into court, which appellee received by agreement of the parties, the judgment was in favor of appellee for $969.05, with 6 per cent. interest thereon from the 4th day of January, 1923, the date of the judgment, with foreclosure of the statutory landlord's lien on the property.

The court filed a very lengthy and full finding of facts and conclusion of law, the findings being in favor of appellee, which were supported by the evidence shown in the statement of facts, likewise filed.

Appellant's first proposition cannot be sustained because it depends on the questions of fact found by the court against appellant; besides it is too general in its statement.

[1] The second proposition contains two subjects. The first part is that application of payments cannot be changed after action is begun without mutual consent. This is not supported by the evidence, for the evidence and the finding of the court show a prior application and a proper application of the payments, and no change thereof. The

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

second part challenges the rulings of the court in refusing to allow appellant to file a motion to strike out portions of appellee's amended pleading, claiming it alleged a different application without the consent of defendant.

The amended petition more specially sets forth the items and months for which rent was claimed, and the rents due for each month and date of payment for each month, not so alleged in the original pleading, but based upon the identical same account, and on a second contract of rent not hitherto pleaded, but pleaded in such manner as to show a larger sum due not barred by limitation, and there was no special pleading filed, nor replication made thereto, by way of reply to the amended pleading, nor pleading the statute of limitation against the items of rent sued for therein, but relied on the plea that had pleaded the statute of limitation in the answer to certain parts of the rent sued for, as set out in the original petition.

It was not error to render the judgment for further sums, since the evidence supported the finding that not all of such account not barred was paid into court. It was the same rental contract sued on originally.

Even though the amended petition changed the application of payments by its averments after the suit was begun, still it was not ground for striking out such portions of the pleading. The amendment was filed January 26, 1921, prior to the trial, after the appellant had appeared and answered the original petition. The motion to strike out was presented to the court January 4, 1923, nearly two years after such amended petition had been filed, and after the cause had proceeded to trial.

[2] It was not error under all the circumstances at that time and date to refuse to allow appellant to file such motion. Really it was harmless, because, in disposing of the cause on its merits, the court found in accordance with the facts that the payments mentioned were and should be applied to the payment of the items of rent longest due. There was no prejudice done to appellant's rights by the ruling of the court on the motion. While the original petition did not show a definite application of the several payments made, the amended petition sought to make the application in accordance with the true facts, to cure the omission in the original, and to meet appellant's defenses. The evidence introduced, as found by the court, showed the application of payments made, at time of payment, to the items of longest duration.

Even though the original petition had alleged an application of the payments which it did not do, no conclusive reason can be shown to deny the appellant the right to correct the same by proper pleading subsequent-ly filed to show the truth in regard to the transaction, and supporting the same by the evidence on the subject. Here the original petition did not undertake to set out specific allegations of the application of payments, but merely showed, in the attached exhibit to the petition, the gross payments for the twelve-month periods of rents due and paid.

We have read all the testimony offered by each party in reference to the application of payments, and can well say the finding of the court is fully and clearly sustained thereby. Appellant never requested, in making the several payments, that appellee should apply the payments to any month, for the evidence is clearly to the contrary. It is reasonable to suppose, had appellant directed the payments to be applied to future rents and not to past-due rents, no extension of time would have been given. Appellee would thereby have been put upon notice that appellant might in the end plead the statute of limitation.

[3] Appellant says all his propositions are based on the fundamental one that appellee, in the absence of an agreement of parties, he having rendered a statement of the accounts sued on and filed for record prior to the filing of the suit, showing payments applied to rents for the years in which they were paid and on its face showing all the accounts prior to 1918 as barred, it was error to permit appellee to amend his petition so as to set forth a different application and apply the payments to the later items, since the application of the payment once made cannot be altered, except by the mutual consent of the parties, citing in support thereof 30 Cyc. 1239; Pond v. O'Conner, 70 Minn. 266, 73 N. W. 159, 248; Taylor v. Coleman, 20 Tex. 772; Lowery v. Dickson, 1 White & W. Civ. Cas. Ct. App. § 497, and other cases.

We find no fault with the principle announced nor authorities cited, only that the facts are found to the contrary.

[4, 5] The rent statements do not, on their face, show the rents received each twelve months' period applied to the rents due for the particular period in which payments were made. If it were true that the statements so show, still there is no reason why appellee could not allege the true facts and prove that a prior application had been made, either by agreement or otherwise, according to the intention of the parties at the precise time of payment, and that no change had been made thereafter. In the absence of specific direction to the contrary by the appellant, the applications were made to the items of rent longest past due and unpaid, and therefore could not be changed without mutual consent. Reed v. Corry (Tex. Civ. App.) 61 S. W. 157. The creditor must make the appropriation, and if not at the time of the payment, then within a reasonable time thereafter, unless otherwise instructed by

the debtor at the time of payment or before its application. Phipps v. Willis, 11 Tex. Civ. App. 186, 32 S..W. 801.

[6] The law applies payments to items longest due and unpaid. Jamison v. Alvarado Compress & Warehouse Co., 45 Tex. Civ. App. 263, 99 S. W. 1053; Shuford v. Chinski (Tex. Civ. App.) 26 S. W. 141; Willis v. McIntyre, 70 Tex. 34, 7 S. W. 594, 8 Am. St. Rep. 574.

[7] The statement filed for record constituted an election to extinguish items of rent antecedently due in the order of time in which they stood in the account. People v. Grant, 139 Mich. 26, 102 N. W. 226; Jones v. U. S., 7 How. (U. S.) 681, 12 L. Ed. 870; 30 Cyc. 1238, notes 16 and 17.

In conclusion, it is seen that the trial court found all payments of rents made to appellee had, at the time of payment, been applied to the payment of the items of rent longest past due and unpaid, and which had accrued more than two years prior to the filing of the suit. This finding is abundantly and clearly supported by the evidence.

We have carefully considered all the assignments and propositions of law presented and urged, but find no reversible error committed by the trial court, and hence overrule the same.

This leads to the affirmance of the judgment of the trial court.

Judgment is affirmed.