## McKESSON–CROWDUS DRUG CO. v. NEWMAN et al.

### No. 1636.

Court of Civil Appeals of Texas. Waco.

Oct. 10, 1935.

Allen & Allen, of Dallas, for plaintiff in error.

Lem Wray and J. L. Gammon, both of Waxahachie, for defendants in error.

ALEXANDER, Justice.

Mrs. D. A. Newman brought this suit against J. W. Bounds to recover certain sums of money claimed to be due plaintiff by the defendant as rent on a building used as a drug store and to foreclose a landlord's lien on the fixtures and stock of merchandise. McKesson-Crowdus Drug Company intervened and claimed a superior chattel mortgage lien on the fixtures. The trial was before the court without a jury. Among other things, plaintiff was allowed to recover judgment for the sum of $1,164.55, being for rent at $105.85 for the months of February to December, 1931, inclusive, and to foreclose a superior lien on the fixtures to secure the payment of same. McKesson-Crowdus Drug Company appealed.

The rent at $105.85 was payable at the end of each month as it accrued. On July 27, 1931, the landlord filed with the county clerk a sworn, itemized account of the unpaid rents for and including the months of February to June, 1931, as required by Revised Statutes, art. 5238, and on March 14, 1932, she filed with said clerk another sworn, itemized account of the unpaid rents for the months of July to and including December, 1931. On December 15, 1931, the tenant executed and delivered to McKesson-Crowdus Drug Company a chattel mortgage on all his fix-

tures, which mortgage was registered December 19, 1931.

██ Revised Statutes, art. 5238, provides that a landlord who rents a building for commercial purposes shall have a lien on the property of the tenant in the building to secure payment of the rent, but in order to secure the lien for rents that are more than six months past due it shall be necessary for the landlord to file in the office of the county clerk a sworn, itemized statement of the amount of rent due. It further provides: "No lien for rent more than six months past due upon any store house * * * shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided." Under the provisions of the above statute, if a landlord allows the rent for any particular month to become and remain due for a period of more than six months and fails to file his claim therefor with the county clerk before the expiration of said six months' period, he loses his right to a superior lien as against the unsecured and lien creditors of the tenant who acquire their rights prior to the date of the filing of such verified claim with the county clerk. 27 Tex. Jur. 144; In re Toggery, Inc. (D. C.) 60 F.(2d) 311; Kokernot-Nixon Properties v. Wright (C. C. A.) 68 F.(2d) 317; Wooten Grocer Co. v. Wade Meat Co. (Tex. Civ. App.) 37 S.W.(2d) 1090, par. 7. In the case at bar, the rent for the months of July and August, 1931, was more than six months past due at the time of filing the verified account with the county clerk by the landlord. McKesson-Crowdus Drug Company had become a creditor of the tenant and had registered its chattel mortgage prior to the filing of such account. Hence, as against McKesson-Crowdus Drug Company, the landlord did not have a superior lien on the fixtures of the tenant to secure the payment of the rent for said two months, and the trial court erred in so holding.

██ D. R. Newman, who as agent for the landlord collected the rents on the premises, testified concerning certain collections made by him during the years 1932 and 1933. He testified that he collected $105.85 on January 11, 1932, and that said payment was for the rent for the month of February, 1931. The debtor's bank check by which this payment was made contained a notation showing that said payment was to be so applied. Said payment having been applied by both parties to payment of rent due for February, 1931, the trial court erred in allowing plaintiff a superior lien to secure the payment of rent for that month. 32 Tex. Jur. 675.

██ Said agent also testified that he collected a number of other items of rent during the years 1932 and 1933. The ledger sheet of the account kept by said agent does not show any application of said payments. It is not claimed that the debtor made any application thereof. Plaintiff's said agent testified that he did not make any application of said payments at the time they were made. He testified, in substance, however, that prior to the filing of the suit he applied said payments to the rents for the months that were not covered by the itemized accounts filed with the county clerk. The trial court found that "before suit was filed" plaintiff applied said payments to the rents that accrued during the year 1932. Since neither party made application of these payments at the time they were made, the landlord had a right to make application thereof within a reasonable time, and the trial court did not err in holding that the landlord had lawfully applied them to the payment of rents that accrued during the year 1932. 32 Tex. Jur. 682; Compton v. Ahrens & Ott Mfg. Co. (Tex. Civ. App.) 151 S. W. 884; Stone v. Pettus, 47 Tex. Civ. App. 14, 103 S. W. 413.

From what has been said, it is apparent that the trial court was in error in allowing plaintiff a superior lien on the fixtures to secure payment of the rents at $105.85 for the months of February, July, and August, 1931. The judgment of the trial court allowing the plaintiff a superior lien on the fixtures for $1,164.35 will be reformed and the amount of said lien reduced by deducting therefrom the equivalent of three months' rent so as to make said judgment for the sum of $846.80, with 6 per cent. interest from January 1, 1932. The judgment in favor of the plaintiff for the sum of $965.10 secured by a first lien on the stock of merchandise and a second lien on the fixtures will be increased in a like amount so as to make said judgment for the sum of $1,282.65, with 6 per cent. interest from June 1, 1933. Said judgment as reformed is affirmed.