WILLIAM A. FERGUSON AND OTHERS V. E. S. WOOD.

A plea, by one of several defendants, (sued as members of a firm, on a note purporting to be signed in the name and style of the firm,) which denies, under oath, that he either is, or ever was, a member of the same, is not good as a plea of *non est factum*, unless it deny the execution of the note sued on.
A plea in abatement comes too late, after an answer to the merits.

ERROR from Galveston.   Tried below before the Hon. Peter W. Gray.

This suit was brought by the defendant in error, against Charles H. Alexander, William A. Ferguson, and the plaintiff in error, on a promissory note executed by the firm of " Ferguson, Alexander & Co. ;" the plaintiff averred that the said firm was composed of the defendants, who made and delivered said note, &c.

On the 31st day of December, 1857, the defendants filed a general demurrer to the petition, and a general denial; and on the 20th day of January, 1858, the defendant, Smith, filed an amended answer, setting up the defence that, he never was a partner in the firm of Ferguson, Alexander & Co., as charged in the plaintiff's petition, and never had any connection with the said business firm, as partner or otherwise ; "wherefore, he pleaded said facts in abatement of said suit, and prayed judgment of his said plea," &c.

The facts stated in the said amendment, were embodied in an affidavit of the defendant, Smith, which was attached, referred to, and made a part of the plea.

The plaintiff filed general and special exceptions to the sufficiency of the amended plea, which were sustained by the court, and the amendment was stricken out.

Judgment for the plaintiff for the amount of the note, costs, &c.

---

Thompson v. House.

---

*H. N. & M. M. Potter,* for the plaintiff in error.

*J. B. & G. A. Jones,* for the defendant in error.

BELL, J.—We are of opinion that the plea of Andrew F. Smith, one of the defendants in the court below, was not a good plea of *non est factum,* because it did not deny the execution of the note sued on. And if the plea could be held good as a plea in abatement, it came too late after an answer to the merits. There was, therefore, no error in the judgment of the court below, sustaining the exceptions to the plea. The judgment of the court below is affirmed.

Judgment affirmed.