HUGH LEWIS v. J. B. LOWERY ET AL.

The 86th section of the act to regulate proceedings in the district court provides, that "When any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party, or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence, without the necessity of proving its execution, unless the party, by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit in writing, denying the execution thereof."   (Paschal's Dig., Art. 1443, Note 549.) When the instrument (a wagoner's receipt) was signed by a single name, and the petition sets it out, and avers that it was executed as the partnership act of said L. and one T., if T. would deny it, he must do so under oath.

The statute is as extensive as it is possible to imagine.   It does not include promissory notes, or bills of exchange, or notes for the payment of money, or property only, but "any instrument."

It is not necessary that the suit should be based entirely upon the instrument, but it is sufficient if the instrument form a part of the testimony to make out the plaintiff's case.

ERROR from De Witt.   The case was tried before Hon. WESLEY OGDEN, one of the district judges.

The appellant brought his action in the lower court, to recover the value of certain articles delivered at Browns-

ville, Texas, on 24th November, 1864, to defendants, Lowery & Tumlinson, who were then alleged to be wagoners and common carriers, doing business under the name and style of "J. B. Lowery," and as such were partners, and in their firm name they then executed and delivered to plaintiff their receipt or bill of lading for the articles, wherein they promised, for a valuable consideration, to deliver the same to one Parramore, who is alleged to have resided at Gonzales. The wagoner's receipt was set out *in hœc verba.* It used the pronoun *I.* The action proceeded against the defendant Tumlinson, who was served with process and answered, with a view of enforcing the judgment against the partnership property of both defendants and the separate property of Tumlinson. On the trial, plaintiff offered in evidence the bill of lading, signed "J. B. Lowery," alleged in the petition to have been executed by both defendants under the firm name of "J. B. Lowery."

This bill of lading, upon objection of defendant Tumlinson, was ruled out as evidence. Whereupon plaintiff took a nonsuit, and then moved to set aside the nonsuit and reinstate the cause on the docket; which motion having been overruled, plaintiff excepted, and gave notice of appeal.

*Mills & Tevis,* for plaintiff in error.—The bill of lading, having been alleged in the petition to have been signed by the defendant, is admissible in evidence, without proof of its execution, if its execution be not denied under oath by the defendant in his answer. (Paschal's Dig. Arts. 1442, 1443; Drew v. Harrison, 12 Tex., 279; Barrow v. Philleo, 14 Tex., 345; Bank of Rochester v. Monteith, 1 Denio, 402; Sawyer v. Dulaney, 30 Tex., 479.)

*Sam. C. Lackey,* for defendant in error, cited no authority.

MORRILL, C. J.—Plaintiff brought suit against the de-

fendants, alleging that they were partners, doing a certain business in the name and style of J. B. Lowery. That as such they executed a certain instrument and delivered it to plaintiff, signing their firm name thereto. This instrument is made in part the cause of action. Defendants pleaded the general denial. On the trial of the cause the plaintiff proposed to read this instrument as testimony, to which defendants excepted, unless plaintiff previously should prove the alleged partnership. The court sustained the exception; plaintiff took a nonsuit, and moved to have the nonsuit set aside; which was refused by the court.

Article 1443 provides that when any petition shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed shall file his affidavit in writing denying the execution thereof.

The defendant, as well as the district judge, seems to have conceived that the plaintiff was required to prove that the defendants were partners, before the instrument could be read as testimony. But such is not the statute. Had the defendant denied under oath the allegation that the instrument was executed by his authority, then the plaintiff, by proving the partnership, and that one of the partners executed it, would have made out his case.

The statute is as extensive as it is possible to imagine. It does not include promissory notes or bills of exchange, or notes for the payment of money or property only, but "any instrument." It is not necessary that the suit should be based entirely upon the instrument; but it is sufficient if the instrument forms a part of the testimony to make out the plaintiff's case.

The defendant knew whether he authorized the execu-

tion of the instrument or not, and the statute made it his duty to verify his denial by his oath. When the plaintiff announced himself ready for trial, the pleadings were such, that he was not required to prove the execution of the instrument, and it would have been wrong in him to have had witnesses summoned to prove a fact that was legally admitted. He was compelled to take a nonsuit, or permit a judgment to be rendered against him, and in either case the error of the court could be examined in this court. The judgment is

REVERSED AND REMANDED.