CITY WATER WORKS v. C. W. WHITE.

(Case No. 4978.)

1. PLEADING — NON EST FACTUM.— The denial of the execution of an instrument in writing on which a pleading is founded in whole or in part, and which is charged to have been executed by defendant, an incorporated company, through its president and secretary, must, under art. 1265, R. S., be verified by affidavit. The fact that the instrument set forth in the pleading is ambiguous on its face, and does not clearly by its terms purport to be the act of the company, does not vary the rule. If the statute referred only to such instruments as on their face purport to be the act of the person by whom or by whose authority they are alleged to have been executed, a different rule might apply.

APPEAL from Travis. Tried below before the Hon. A. S. Walker. Suit instituted by the appellee, on a promissory note, in the following words:

"$6,000.                                   AUSTIN, TEXAS, April 15, 1882.

"Six months after date we promise to pay to the order of C. W. White, at First National Bank, Austin, Texas, $6,000, with interest at ten per cent. per annum from date until paid, and all costs and expenses there may be in collecting this note, and ten per cent. attorney's fees if placed in the hands of an attorney for collection after maturity, interest payable monthly, on the 15th of each month, at the office of the City Water Company

"M. D. MATHER,

"President City Water Company.

"D. L. WICKES,

"Secretary City Water Company."

The petition alleged that the note, while signed by Mather, president City Water Company, and Wickes, secretary City Water Company, was in fact the act of the defendant, and that Mather and Wickes, the makers of the note, were acting for and on behalf of defendant in making the same; that the note was given in part payment for certain shares of stock of appellant held by plaintiff, and that Mather and Wickes were authorized by defendant to execute the note; that their act in so doing had been fully ratified and approved by defendant; that previous to the execution of the note, and while Mather was negotiating for the purchase of appellee's stock, Mather represented to appellee that he was acting on behalf of appellant; that Mather and Wickes represented to appellee that they had full power and authority to bind appellant in the execution of the note, and that appellant, having full knowledge of the representations made by Mather and Wickes and of the

terms of the contract, received the stock, and enjoyed the benefits and profits of the same in the way of increased dividends on its stock, etc.

That the appellee relied on the representations made to him by Mather and Wickes, believed the same to be true, and accepted the note, and, unless the same was in fact the act of defendant, that a mistake had occurred, etc. There was a prayer that the court hear proof to establish the agreement, contract and intent of the parties in making the note, and that the same be adjudged to be the act of defendant, etc., and for judgment against defendant for amount due, etc.

To the petition defendant, by amended answer, interposed general and special demurrers and general denial, and specific denial of the authority of Mather and Wickes to bind defendant in the execution of the note, and averred that the note was given for shares of stock transferred and sold by appellee to Mather individually, and not to appellant as stated, and claimed that the contract had never in any way been ratified by appellant, and that appellant had never received any profit or benefit under the same.

There was a special denial, but not under oath, of the execution of the note by defendant, and of the authority of Mather and Wickes to bind defendant in making the contract, and that the note was the individual obligation of Mather and Wickes.

Plaintiff filed special exceptions to the fourth, fifth and sixth paragraphs of the answer, because the same were not verified by oath of defendant.

The court sustained the exceptions to the fourth, fifth and sixth paragraphs of the amended answer, to which ruling the defendant excepted.

The paragraphs of the answer stricken out were:

1st. A denial that the note was made or signed by defendant, or by its authority.

2d. A denial that defendant had ever received any consideration for said note, or that the same was executed in part payment of stock sold by plaintiff to defendant, and that in fact the same was given by said Mather and Wickes for shares of stock sold to said Mather individually.

3d. A denial that defendant had ever in any way ratified or confirmed the act of said Mather and Wickes in the execution and delivery of said note.

Judgment against appellant for amount of note, less payments allowed.

*Sheeks & Sneed,* for appellant, cited: Gregory *v.* Leigh, 33 Tex., 813; Morrison *v.* Hodges, 25 Tex. Sup., 176; Compton *v.* Stage Company, 25 Tex. Sup., 67.

*F. W. Chandler* and *David E. Hewlett,* for appellee, cited: Traynham *v.* Jackson, 15 Tex., 173; Revised Civil Statutes, secs. 7, 8 and 10, art. 1265.

STAYTON, ASSOCIATE JUSTICE.— All the material questions in this case depend on whether it was necessary that the pleadings of the defendant, seeking to set up the want of authority in the persons who executed the instrument sued on, should be sworn to; for if this was necessary the court did not err in sustaining the plaintiff's exceptions to so much of the defendant's answer, not sworn to, as sought to make that issue; nor did it err in excluding evidence offered for the purpose of showing such want of authority.

There are certain defenses which the statute requires to be made by pleading verified by affidavit, of which that attempted to be set up by a portion of the answer is one. The statute provides that "a denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed," shall be so verified. R. S., 1265.

The action is founded on an instrument in writing, charged to have been executed by the defendant, through its president and secretary, who are alleged to have been fully authorized to execute it, and thereby bind the defendant. This being true, the letter of the statute applies, and we are of the opinion that there is nothing in its spirit which would exempt this case from its operation.

That the instrument is ambiguous, and does not clearly purport to be the act of the defendant, does not render it any the less an "instrument in writing upon which any pleading is founded in whole or in part, and charged to have been executed by him (the defendant) or by his authority."

In a number of cases in which the instrument on its face did not clearly appear to be the act of the person who sought to show that it was not executed by him or by his authority, it has been held that the person setting up such defense must do so by an answer verified by his affidavit. Drew *v.* Harrison, 12 Tex., 280; Reid *v.* Reid, 11 Tex., 591; Persons *v.* Frost & Co., 25 Tex. Sup., 130; Prince *v.* Thompson, 21 Tex., 480; Sessums *v.* Henry, 38 Tex., 41; Ferguson

*v.* Word, 23 Tex., 177; Lewis *v.* Lowery, 31 Tex., 663; May *v.* Pollard, 28 Tex., 678. If the statute in terms referred only to such instruments as on their face purport to be the act of the person by whom or by whose authority such instruments are alleged to have been executed, then a different rule might be applied.

In the case of Compton *v.* Stage Co., 25 Tex. Sup., 78, there are expressions which would seem to point to a conclusion different to that which we believe to be the one required by the statute. In that case, however, there was a plea of *non est factum*, verified as the statute required, and a ruling as to the effect of a general denial in cases of this character was not necessary to the decision of the cause.

It may be that the statute which requires the plea by which the execution of an instrument sued on is put in issue to be verified by affidavit, in reason ought to apply only to such instruments as on their face clearly import to be the act of the party; but this was a matter for the consideration of the legislature, and not for the judiciary.

The sole duty of the courts, in this respect, is to determine what the legislature intended; and there being nothing in the language of the statute, or otherwise, indicating that it was the intention of the legislature so to restrain the operation of the statute, we are not authorized so to construe it.

We see no such error in the proceedings had in the court below as require a reversal, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered May 9, 1884.]