## SOUTHLAND LIFE INS. CO. v. BALLEW.
(No. 6818.)

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1924. Rehearing Denied Jan. 21, 1925.)

1. Pleading ⊜290(3)—Refusal to submit special issues on defenses raised by unverified answer is not error.

Where answer setting up special defenses is not verified as required by Rev. St. 1911, art. 1906, trial court's refusal to submit special issues based thereon is not error.

2. Trial ⊜352(5)—Special issues in action for insurance agent's commissions held inclusive of more than one issue in contravention of statute.

Special issues, in action against insurance company for commissions on policies obtained by plaintiff as agent for defendant, held general and inclusive of more than one issue in contravention of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a (Acts of 1913, c. 59, § 1).

**3. Insurance** ⊛⟹84(2)—**Insurance agent held entitled only to his commission on proceeds of notes taken in payment for policies whether notes were sold or ultimately paid.**

Insurance agent, entitled to 20 per cent. of first annual premiums collected and paid in cash on policies written by him, *held* entitled only to 20 per cent. of cash received by company on notes given .for policies written by him whether such notes were ,paid or sold, and not entitled to any commission on note held by company until paid.

**4. Appeal and error** ⊛⟹1062(1)—**That plaintiff was entitled to recovery and that amount of recovery was not objected to as excessive does not warrant affirmance, where special issues erroneously submitted.**

In action for ,insurance agent's commissions, fact that plaintiff is entitled to a recovery, and that defendant has not objected to a verdict rendered as excessive, does not entitle plaintiff to affirmance on appeal, where special issues determinative of extent of defendant's liability have been erroneously submitted.

**On Motion for Rehearing.**

**5. Appeal and error** ⊛⟹1140(3) — **Appellee's offer to remit part of judgment held not to warrant affirmance, in view of failure to properly submit particular issue.**

In action for insurance salesman's commissions, failure properly to submit issue raised by conflicting evidence as to whether certain notes had been sold by defendant, or merely sent to bank for collection, *held* to necessitate reversal, notwithstanding plaintiff appellee's offer to remit portion of judgment which represented commissions on notes still held by insurance· company.

Appeal from Erath County Court; A. P. Young, Judge.

Action by R. L. Ballew against the Southland Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, and case remanded for new trial.

R. L. Thompson, of Stephenville, for appellant.
Chandler & Pannill, of Stephenville, for appellee.

BAUGH, J. Appellee sued the appellant for $800.69, claimed by him as commissions on life insurance policies obtained by him for said company in 1921. He based his cause of action upon a written contract executed by said company, acting through H. A. Witliff as its agent, and approved by J. Frank Montgomery, assistant secretary and agency manager for said company, which contract appointed him as agent and fixed his compensation. The case was submitted to a jury on special issues, and based upon their findings the court rendered judgment for plaintiff for $800.69, interest and costs, from which judgment this appeal is prosecuted. Further

facts pertinent to the issues raised will be discussed in connection· with such issues.

**Opinion.**

Appellant asserts error of the trial court under sixteen propositions of law based upon its assignments. The first two of these complain of the action of the trial court in overruling appellant's special exceptions to appellee's petition. There was no error in this. We do not deem it necessary to set out the pleadings here. Suffice it to say that plaintiff's petition fully set out his asserted cause of action, and was amply sufficient as against the exceptions urged. Not only was the contract fully pleaded, but a copy was attached by reference, and the contract upon its face clearly appears to be that of the company.

Appellant's propositions 3 to 10, inclusive, all complain of the action of the trial court in refusing to submit to the jury various special issues requested by appellant setting forth its defenses. We do not deem it necessary to set out the contract in controversy in full, nor to state all· its provisions. .There was no dispute as to· its contents. The first paragraph of this contract reads as follows:

"The State of Texas, County of Dallas.

"This agreement entered into this the 1st day of January, A. D. 1921, by and between the Southland Life Insurance Company, of Dallas, Tex., party of the first part, acting ·herein through H. A. Witliff, doing business as H. A. Witliff, manager, Central Texas Agency; and R. L. Ballew of Stephenville, Tex., Erath county, party of the second part, witnesseth."

Then followed the provisions for payment by "said party of the first part" to Ballew of the commissions sued for, and numerous other provisions not pertinent here. Said contract was signed as follows:

"Witness our hands in triplicate, the day and date above written at Dallas, Tex. Southland Life Insurance Company by H. A. Witliff, Mgr. Central Texas Agency. R. L. Ballew, Agent. "Countersigned by J. Frank Montgomery, Asst. Secy. and Agency· Manager."

In addition to a general and special denial defendant, appellant here, pleaded that said contract was not its contract, but the contract of H. A. Witliff,' and that, if there was any liability thereunder, it was plaintiff's liability, not the company's; that Witliff, if he did make such contract·for said company, had no power nor authority to make same nor to bind the defendant; and, further, that the said J. Frank Montgomery had no authority, express or implied, to employ Ballew as agent for appellant, and that his countersigning the contract was not binding on the company. This answer was not sworn to.

Clearly this answer comes within the provisions of article 1906, Revised Statutes 1911, which reads as follows:

"An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: * * *

"8. A denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or, in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed."

[1] Not having complied with the statute requiring his special defenses pleaded to be verified, the appellant was not entitled to have them submitted as special issues, and the trial court did not err in refusing to do so. City Water Works v. White, 61 Tex. 536; Loan Co. v. Nall (Tex. Civ. App.) 36 S. W. 322; Smith v. Smith (Tex. Civ. App.) 200 S. W. 540; Harris v. Wheeler (Tex. Civ. App.) 255 S. W. 206. A different question would have been presented had appellant's answer been properly verified.

[2, 3] Appellant's propositions 11 to 16 all complain of the special issues submitted to the jury. These special issues and the jury's answers thereto were as follows:

"(1) State the amount, if anything, that T. L. Ballew is entitled to recover from the defendant."

To which the jury answered: "$800.69."

"(2) In estimating the amount he is entitled to recover, if anything, you will determine whether the notes which were delivered to the Gustine State Bank by the insurance company were sold by the insurance company to said bank, or whether said notes were sent to said bank by said insurance company for collection, and, if they were sold to said bank, then plaintiff would be entitled to recover from defendant 20 per cent. of the amount of the principal of said notes, and, if sent to said bank for collection, the plaintiff would be entitled only to 20 per cent. of the amount of the principal of said notes collected by said bank."

To which the jury answered: "According to the evidence the notes delivered to the Gustine State Bank were sold to said bank by Southland Life Insurance Company, and the plaintiff is entitled to 20 per cent. of the amount of the principal of said notes."

"(3) State the amount of notes still in possession of said insurance company, which were taken as premiums on policies of insurance, the applications for which were taken by said Ballew, and in further answer to this question you will answer whether the insurance company claims said notes in full, or whether it recognizes the right of Ballew in said notes."

To which the jury answered: "(1) $533.20 is the amount of notes still in the hands of Southland Life Insurance Company; (2) said insurance company claims these notes in full."

The first so-called special issue was clearly a general charge. In addition to its form, the court's instruction in special issue No. 2 makes it a general charge, disposing of all issues in the case. Railroad Co. v. Morrow (Tex. Civ. App.) 255 S. W. 674. Special issues Nos. 2 and 3 each also involves more than one

issue on which the jury was to find, and each contravenes article 1984a, Vernon's Sayles' Revised Statutes 1914 (Acts of 1913, p. 113, § 1). See, also, authorities cited under article 1984a, Vernon's Sayles' Civil Statutes, 1918 and 1922 Supplements. Nor do we conceive the instruction given in special issue No. 2 to be a correct rule of recovery. The contract sued upon provided that plaintiff's compensation should be 20 per cent. of the first annual premiums collected and paid to said company in cash upon insurance written by him. Under the pleadings and the evidence these premiums were of four distinct classes: (1) Cash paid by insured persons and deposited to appellant's credit in banks; (2) notes given for premiums and still held by the company; (3) notes given to the company and by it sent to others for collection, and either collected or renewed; and (4) notes given to the company and sold by it outright to local banks. Plaintiff, if entitled to recover under his contract, could recover only 20 per cent. of the cash premiums and 20 per cent. of the cash received by the company on such notes, whether by payment of same or the sale thereof. On notes still held by the company, plaintiff was entitled to his 20 per cent. commission only as same were paid. These issues were raised by the pleadings and the evidence, and should have been submitted to the jury separately and distinctly, and the amount of the recovery, if any, to which plaintiff was entitled, based upon such findings.

[4] Appellee contends that, under the contract, he was entitled to a recovery under the undisputed evidence, and that, not having objected to the verdict as excessive, appellant cannot be heard to complain on appeal, citing authorities. But we think there is no merit in this. The case having been submitted on special issues, appellant was entitled to have those issues properly presented as provided by law, and under a proper charge of the court. Failure to do so was reversible error.

For the reasons stated, the judgment of the trial court is reversed and the case remanded for another trial.

Reversed and remanded.

## On Motion for Rehearing.

Appellee has filed a motion for rehearing, in which he offers to remit $106.64 of the judgment obtained in the trial court. In view of this we have carefully reread the evidence.

In his pleadings the appellee, plaintiff below, set out numerous lists of notes taken as premiums on insurance policies which he alleged were sold to, or collected by, some seven different banks, or were collected by the company directly from the makers. It appears from the undisputed evidence that notes in the aggregate amount of $533.20

were at the time of the trial still in possession of the insurance company, and had not been collected. It is the 20 per cent. commission on these notes that appellee offers to remit.

[5] However, the notes alleged to have been cashed by the insurance company at the Gustine bank aggregate in amount the sum of $1,468.88. We do not deem it necessary to set out the evidence, but suffice it to say that the evidence is conflicting as to whether these notes had been sold to the Gustine bank, or were merely sent there for collection. Only two of said notes, aggregating in amount approximately $349, were shown to have been paid. The remaining notes appear to have been renewed in whole or in part, and the evidence does not show how much had been paid on said renewals. At any rate, the evidence is conflicting, and the question of whether or not this list of notes had been sold to the Gustine bank, or merely sent there for collection, should have been submitted to the jury. Appellee's motion is therefore overruled.

Overruled.