### BROWN v. RICE.   (No. 238.) *

(Court of Civil Appeals of Texas. Eastland. Nov. 19, 1926. Rehearing Denied Feb. 4, 1927.)

**1. Mechanics' liens ⬩263(2)—Wife is not necessary party to suit to foreclose mechanic's lien executed by her.**

Wife is not necessary party to suit to foreclose mechanic's lien signed by both husband and wife and privily acknowledged by latter.

**2. Trial ⬩352(5)—Different items for extra work and material in construction of house for which lien is claimed may be submitted to jury as one issue of fact.**

Different items consisting of extra work and material furnished in construction of residence for which lien is claimed constitute one issue of fact, and may properly be so submitted to jury.

**3. Mechanics' liens ⬩71—Extras and additions ordered by husband without wife's consent cannot create lien on homestead (Vernon's Ann. Civ. St. 1925, art. 5460).**

Under Vernon's Ann. Civ. St. 1925, art. 5460, a lien cannot be fixed on homestead for extras and additions materially increasing cost of improvements ordered by husband without consent of wife, notwithstanding contract provided changes were to be made as directed.

---

**4. Payment ⬤�net39(6, 8)—Creditor having secured and unsecured debt may apply payments made without direction to unsecured debt before controversy relating thereto.**

When a creditor has secured and unsecured debt, he may apply payments made to . him without direction as to their application to unsecured debt, but application must be made prior to controversy relating thereto, or at least within a reasonable time.

**5. Payment ⬤⟷41(3)—Equity will apply payment to which there was no direction for application to discharge of lien against homestead.**

Where debtor owes debt secured by lien on homestead and one which is not a charge thereon and makes payment generally without direction for application by debtor nor application then made by creditor, equity will apply it to discharge lien against homestead.

**6. Homestead ⬤⟷116—Wife may not fix lien on homestead for attorney's fees.**

Wife is without power to fix lien on her homestead· for payment of attorney's fees.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by Harry L. Rice against C. S. Brown. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellee.

PANNILL, C. J. Appellant, joined by his wife, entered into a contract with appellee to build for the former a residence upon their homestead in accordance with certain plans for the agreed price of $8,651. The contract provided for a mechanic's lien for the amount of the indebtedness so mentioned and was duly signed by both husband and wife and privily acknowledged by the latter. The specifications were not signed, but contained a provision that the owner might make changes in the building during its construction. Under this arrangement, the appellee proceeded with the construction of the house and in proper course completed same.

Contemporaneously with the execution of the contract, appellant executed a note for the amount stated and this note was kept at the office of the Citizens' Lumber Company. During the construction of the house, a number of changes and additions were ordered by appellant, Brown, and made by appellee. Prior to the time the house was completed, appellant paid in at the office of said lumber company, where said note was left by appellee, the sum of $7,000. Two of these payments of $2,000 each were indorsed by the bookkeeper of the lumber company upon the note. The remaining $3,000 was not applied as a credit by the bookkeeper to whom appellant delivered it. After the residence was completed, a dispute arose between appellant and appellee as to the amount and value of the extras and additions placed in said building during the construction. Appellee brought this suit, alleging in his petition 39 different items aggregating $3,000, and that of the sum paid him he had applied enough to absorb the amount of the extras and additions and had credited the remainder upon the note and sued for the difference. His cause of action and right to recover was challenged in all particulars by appellant.

There was a trial before a jury, and, in response to a submission upon special issues, a special verdict was returned, in substance, that the cost in place of the extra work and material sued for was $2,150, and that appellant, at the time of payment of two items of $2,000 each, directed the application of such payments to the note, but did not so direct the application of the payment of $3,000. Thereupon the court applied the two credits of $2,000 each upon the note sued upon and a further credit of $1,050 and rendered judgment for the appellee for the balance due on said note, together with interest and attorney's fees, and further decreed a foreclosure of the mechanic's lien for the amount found due upon the note, principal, interest, and attorney's fees.

A number of questions are presented, but the assignments will not be set out and discussed seriatim, but an attempt will be made to make a sufficient number of observations so as to dispose of all the legal questions presented.

[1] The wife of appellant was not a necessary party to the suit to foreclose the mechanic's lien executed by her. Cooley v. Miller (Tex. Com. App.) 228 S.W. 1085. It is only in cases where the plea of homestead would be a defense to the plaintiff suit that the wife is a necessary party. Appellant argued, however, that one branch of the suit was to recover the extras and additions made to said building without the wife's consent as required by law. It is a sufficient answer to that proposition to state that no foreclosure was had for any sum, except on the note. The wife contracted in writing that the principal amount of the note, with interest, should be fixed as a lien upon her homestead. The appellant pleaded that the premises was her homestead and this would defeat the lien sought for said extras and additions, as will be hereinafter more fully shown.

Complaint is made because the court submitted to the jury in one issue the cost of the extra work and material and did not submit to the jury the separate items as pleaded by the appellee and relies upon such

cases as Osage Oil & Gas Company v. Caulk (Tex. Civ. App.) 243 S. W. 551, Southland Life Insurance Co. v. Ballew (Tex. Civ. App.) 268 S. W. 1027, and Panhandle & S. F. Ry. Co. v. Parrish et al. (Tex. Civ. App.) 281 S. W. 887, and vigorously asserts that the rule declared in the cases above cited required the court to submit each item pleaded as a separate issue of fact. Upon the trial, the contested issues were narrowed to some 32 or 33, and, as to some of these, the appellant denied any liability whatever, and, as to several others, he contested the amount which appellee was claiming, and, as to one, he claimed a payment, but this issue of payment is, we think, immaterial, in that it was shown by the undisputed evidence that appellant received credit for the amount he claimed was paid. The items varied in amounts from $1.50 to $900 according to appellee's evidence.

An examination of the cases above cited and a large number of others upon the same subject will show that in none of these were the several items of an account between parties running over a considerable period of time, and which were no issue between the parties as to the amounts principally, treated as separate issues of fact. The case nearest in point is that of Osage Oil & Gas Company v. Caulk, supra. In that case the plaintiff's suit was upon 9 different items arising under different provisions of a contract. The contract there under consideration provided so much per day for drilling, so much per day for shut down time when waiting for material, fuel, or water, and so much per day when the rig was shut down, pursuant to the orders of the Railway Commission, and it was there held that each item constituted a separate issue of fact and should have been submitted separately, but the court's failure so to do was held not to be reversible error. The same rule was applied in Southland Life Insurance Company v. Ballew, supra, to a state of facts similar to that presented in Osage Oil & Gas Company v. Caulk. It is believed that the case here considered is essentially different from the cases discussed, which are the nearest in point called to our attention.

[2] It may be true that to carry the reasoning of those cases to its ultimate logical conclusion would sustain appellant's contention, but we are unwilling to extend the rule to any greater length than done in the decisions referred to. We believe that the value or cost of the extras and additions ordered by appellant constituted one issue of fact and was properly so submitted to the jury. To hold otherwise, we believe, would reduce the act of the Legislature to an absurdity and convict the courts of a woeful lack of common sense in the administration of the law. To sustain appellant's contention would be to virtually hold that, in a suit by a merchant against a customer on an open account consisting of several hundred items, each item, regardless of its importance, would constitute a separate issue and require separate submission. Such a practice would make a trial in the district court ridiculous and absurd. The assignment relating to this matter is overruled. G. H. & S. A. Ry. Co. v. Freeman (Tex. Civ. App.) 273 S. W. 979; Id. (Tex. Com. App.) 285 S. W. 607.

[3] The question which has occasioned this court the most difficulty is the one relating to the application of the payments as made by the court in its judgment. In order to decide that question, it is necessary to decide whether under the circumstances the appellee had a mechanic's lien under the contract for the extras and additions made to the building during its construction; for, if appellee had such a lien, the application of payments would become immaterial, but, if he had no lien for the extras and additions, then the application of the payments made by appellee are material, in that such payments as were made upon the note would reduce the amount chargeable as a lien upon the homestead. It is believed that under article 5460, Vernon's Annotated Statutes, a lien could not be fixed upon a homestead for extras and additions ordered by the husband without the written consent of the wife, and which materially increased the cost of the improvements. The article cited provides that, in order to fix and secure a lien upon a homestead for improvements made thereon, it shall be necessary for the person or persons who furnish the material or perform the labor, before such material is furnished, or such labor performed, to make and enter into a contract in writing, *setting forth the terms thereof*, which shall be signed by the owner and his wife and privily acknowledged by her. This apparently plainly requires that the amount for which the wife desires her homestead to be incumbered shall be consented to by her in writing prior to the time the material is furnished. Any other construction would permit the husband to incumber the homestead at will and without consulting his wife by procuring her to agree to improvements of certain value and then thereafter adding thereto as suited his fancy. Appellee claims that the contract provided that changes were to be made as directed as shown above. It is not believed that this general statement in the plans and specifications is sufficient. In Lyon & Gribble v. Ozee, 66 Tex. 97, 17 S. W. 405, referring to this question as to the kind and character of consent required of the wife, it is said:

"The intention, doubtless, was to have the wife consulted as to the character and price of the improvements to be placed upon the homestead. The Legislature, correctly interpreting this section of the Constitution, pro-

vides that the wife must sign and acknowledge the written contract at the time when such improvements or repairs are to be made."

In Lipscomb v. Adamson Lumber Co. (Tex. Civ. App.) 217 S. W. 228, the point appears to have been directly decided. There the wife signed and acknowledged a contract promising to pay the contractor $397, with interest and attorney's fees, in payment of the bill of lumber and material used and furnished and to be used for the erecting repairs and improvements upon her homestead and to be thereafter delivered. The validity of the lien was contested on the ground that it did not set forth the items of the material sold, and it was there held that the statute in question, requiring the terms of the contract to be set forth, was complied with by the recitation that the material was of the agreed value of $397, and that it was not necessary to itemize the material sold by piece and quantity, as it could be shown by parol testimony the quantity, pieces, and articles that were agreed upon.

[4] Having thus determined that no lien existed in favor of appellee for the value of extras and additions, procured by appellant without the written consent of the wife, it becomes necessary to pass upon the question presented as to the court's action in applying the payments made by appellant, and not directed by him, to the open account instead of the note. It will be observed that the jury found that the appellant made no direction as to the application of the $3,000 payment. No issue was submitted to the jury as to whether this application was made by appellee at such time and under such circumstances as would give appellee the right to apply the payment of $3,000 to the open account for extras. It is the law that a creditor, where he has a secured and unsecured debt, may apply payment made to him, without direction as to their application to the unsecured debt, but this application must be made by him prior to any controversy relating thereto, or at least within a reasonable time. Stone v. Pettus, 47 Tex. Civ. App. 14, 103 S. W. 413; Compton v. Ahrens & Ott Mfg. Company (Tex. Civ. App.) 151 S. W. 884.

[5] Where a debtor owing two debts, one secured by a valid lien on the homestead and the other not such a charge, makes a payment generally and the application of which is not directed by the debtor, nor then made by the creditor, equity will apply it to discharge the lien against the homestead, as it will be supposed to have been made on the debt so secured. Wingate v. People's Building & Loan Association et al., 15 Tex. Civ. App. 416, 39 S. W. 999; Paschall et ux. v. Pioneer Savings & Loan Company, 19 Tex. Civ. App. 102, 47 S. W. 98; and Girardeau v. Perkins et al., 59 Tex. Civ. App. 552, 126 S. W. 633. So it seems that if the application of the payments made by appellant are to be made by the court under the decisions cited, he must apply it so as to discharge, as far as the payment will do so, the lien upon the homestead. In this case the court's action is sought to be upheld by the appellee on the ground that the appellee testified that he credited the $3,000 payments on his account for extras and additions, but we do not believe the court was authorized to accept appellee's testimony upon this point. The appellant's testimony was that he directed the application of $3,000 to the note. This issue was resolved against him by the jury. The testimony of the appellee was that he applied the $3,000 to the extras and additions, but he did not testify when this was done, and the record shows that the payment was made by the appellant to the lumber company in August and credit given appellee therefor by the lumber company. Appellee testified that, at the time the payments were made, about $1,500 of the items for extras had accrued. There is nothing in the charge or verdict to indicate what part of this $1,500 was allowed by the jury. The amount sued for by appellant on account of extras was $3,288. The jury allowed him $2,150. The account rendered by appellee, which is the only concrete evidence of the application claimed by him, was dated November 1st, but not delivered to appellant until several days thereafter. Certainly appellee could not in November apply as a credit on his account a payment made in August preceding so as to apply such payment to items of indebtedness not in existence when the payment was made.

The record is in such condition that we are unable to impute to the court a finding that the appellee applied the $3,000 to the account for extras, even if it be conceded that the court can, under article 2190, find on controverted evidence an issue essential to plaintiff's recovery, where such issue has not been submitted nor requested by either party. The reason for this ruling is that the evidence, considered in connection with the verdict, makes it certain that at least that $650 of the indebtedness due appellee for extras was not in existence when the payment was made, and it is impossible to determine whether all of the $1,500 claimed by appellee to be due when the payment was made was allowed by the verdict. It is doubtful whether, under the decisions noted, appellee could make the application in November of a payment made to his agent in August. The assignments relating to this matter are sustained.

[7] In view of another trial, the attention is called to that part of the judgment foreclosing the lien for attorney's fees. It has been repeatedly held that the wife is without power to fix a lien upon her homestead for the payment of attorney's fees.

This error in the judgment is probably due to an inadvertence and will not recur.

For the error indicated, the judgment is reversed, and the cause is remanded.