CAREY et al. v. ELLIS et ux.

No. 8721.

Court of Civil Appeals of Texas. San Antonio.
Feb. 3, 1932.

Rehearing Denied March 2, 1932.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellants.

T. A. Scruggs, of Menard, and M. E. Blackburn, of Junction, for appellees.

SMITH, J.

Appellees have filed no briefs in the case, and the statement of the case made in appellants' brief will be adopted as correct.

Appellees executed and delivered their promissory note to appellants for $600, payable in monthly installments of $25, together with a materialman's lien to secure its payment, to cover materials furnished by appellants in the construction of improvements on appellees' real estate. In the course of that construction appellees purchased from appellants extra materials of the value of $320, upon open account. Appellees made certain payments of $25 each, from time to time, on the indebtedness. The first payment, of $25, was made before the purchases exceeded the amount of the note, and was therefore credited on the note. Subsequent payments were made after the debt equaled or exceeded the amount of the note, and were credited by appellants upon the open account until it was paid. The remaining payments were credited upon the note, such credits amounting to approximately $315. Upon appellees' default in the payment of the balance due on the note, appellants brought this action. Upon a trial the court below rendered judgment in favor of appellants for $70, which appellees admitted they owed and placed in the registry of the court during the pendency of the suit. The trial court based its judgment upon the holding that the partial payments made by appellees should have been credited upon the note, and not upon the open account, which, although admitted by appellees, had become barred by limitation.

We conclude the judgment cannot stand. It seems to be conceded, and the trial court so found in effect, that, as appellees made the partial payments they did not direct appellants to apply them on the note, or give any instructions as to the application of the payments. In the absence of such instructions, appellants were privileged to apply those payments upon the open account, as they did. Proctor v. Marshall, 18 Tex. 63; Brown v. Rice (Tex. Civ. App.) 290 S. W. 784; Id. (Tex. Com. App.) 296 S. W. 495; Shonaker v. Inv. Co. (Tex. Civ. App.) 8 S.W.(2d) 566 (writ refused).

The trial court found that it was the intention of appellees to apply the partial payments to the settlement of the note. Appellants were ignorant of this intention, how-

ever, and therefore could not be affected by it. Shonaker v. Inv. Co., supra.

It is true that in certain situations the courts are authorized to appropriate payments in accordance with the best interests of the debtor, upon the presumption that the debtor, who has the primary right of appropriation, intended to so appropriate such payments. The learned and just trial judge apparently had that rule in mind when he concluded as a matter of law that the "justice of the case" required the appropriation of the payments made to the satisfaction of the note, rather than of the open account. But such discretion is vested in the courts only in cases where the creditor has failed to make specific appropriation of payments made without instructions by the debtor. The true rule seems to be, first, the debtor has the absolute right to direct appropriation at the time of payment; second, if the debtor pays without exercising his right of appropriation, the creditor may then appropriate. It is only when neither party has exercised the right of appropriation that the courts may assume to make the appropriation for the parties. Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 859, 22 Am. St. Rep. 59. In that case it was said that: "In respect to the appropriation of payments made by a debtor to a creditor who holds more than one debt against him, the general rule is that a debtor has the right to appropriate payments, and, if he does not, the creditor may do so, and, where neither appropriates them, the law will make the application according to the justice of the case."

The judgment is reversed, and the cause remanded.