## TEXAS CO. v. SCHRAM.

### No. 8227.

Court of Civil Appeals of Texas. Austin.

April 1, 1936.

Rehearing Denied April 22, 1936.

Bliss & Daffan, of San Antonio (Don A. Bliss, of San Antonio, of counsel), for appellant.

Amos Peters, of Taylor, and W. H. Nunn, of Georgetown, for appellant.

Harris A. Melasky, of Taylor, for appellee.

BLAIR, Justice.

Appellee, O. H. Schram, sued appellant, the Texas Company, in the justice court for $146.22 as the commissions due on the sale of gasoline and petroleum products under his agency contract with appellant; and recovered judgment for $125. On appeal to the county court, appellee recovered judgment for $94.68; hence this appeal.

The litigation arose as follows:

Prior to May 13, 1931, appellee sold gasoline and petroleum products as the agent of appellant under an agency contract which provided that he would "personally pay the company on demand the sum due on any account opened by him without authority." Prior to said date appellee had sold one Malish, on authorized credit by appellant, gasoline and petroleum products in the sum of $181.65; and on said date appellant notified appellee to cancel Malish's authorized credit. Thereafter and prior to the termination of his agency contract with appellant January 31, 1932, appellee sold Malish gasoline and petroleum products in the sum of $689.14, and collected from him and remitted to appellant on said account the sum of $571.95. On September 9, 1931, appellee executed to appellant a guaranty contract, which reads, as follows:

"For value received and in consideration of the credit which you may hereafter extend, I hereby jointly, severally and unconditionally guarantee payment when due at your office in Houston, Texas, of any and all present or future indebtedness owed by Isadore Malish, Taylor, Texas, to you, and I hereby agree to pay punctually to you such indebtedness if default in payment thereof be made by said Isadore Malish of Taylor, Texas.

"This is intended as a continuing guarantee applying to all present and future indebtedness, howsoever arising, and to all sales and advances made by you to Isadore Malish, Taylor, Texas, until the same is revoked by me in writing to the Texas Company at its office in Houston, Texas."

At the time the agency contract was terminated, appellant deducted the sum of $232.21 from the commissions due appellee, claiming such deduction covered Malish's account, including the indebtedness contracted prior to May 13, 1931. Appellee then brought this suit, claiming that appellant had no right to deduct such prior indebtedness from his commissions.

The pleadings in the trial courts were oral, but an agreed summary of them shows that appellant claimed it had the right to deduct from the commissions due appellee the indebtedness contracted by Malish prior to May 13, 1931, first, because the guaranty contract bound appellee to pay such prior indebtedness; and, second, because the agency contract bound appellee to collect all sums due by Malish for merchandise,

and appellee having collected and remitted to appellant the sum of $571.05 on Malish's account without instruction as to its application, the law will apply the same, first, to the payment of the prior or oldest indebtedness in point of time, and then to the subsequent indebtedness for which appellee was liable under both the agency contract and guaranty agreement, thus leaving the amount deducted due on said subsequent indebtedness. Appellee replied that the guaranty contract did not bind him to pay the prior indebtedness of Malish when construed in the light of the facts and circumstances surrounding its execution; that it was ambiguous in certain particulars; and that when construed in the light of such ambiguities and the agreement of the parties made at the time of its execution, it did not bind appellee to pay such prior indebtedness. That if the terms of the guaranty contract were broad enough to include such prior indebtedness, then appellant could not recover same from appellee, because at the time he executed the guaranty contract appellant agreed that same should not apply to Malish's prior indebtedness; and that appellee relied upon such agreement and would not have executed the guaranty contract but for such agreement. That the law will not apply the payment made by Malish for merchandise subsequently sold to him to the payment of the prior indebtedness, because payments made by a debtor on the account of certain indebtedness will not be applied by law to the payment of other indebtedness; and because it would be unfair and unjust to so apply the payments, since appellant permitted appellee to continue to sell merchandise to Malish with the understanding and agreement that the guaranty contract did not bind appellee to pay the prior indebtedness. The trial courts sustained the views of appellee.

Appellant contends that the language of the guaranty contract which provided that "this is intended as a continuing guaranty applying to all present and future indebtedness, howsoever arising," is unambiguous and clearly binds appellee to pay the indebtedness contracted by Malish prior to May 13, 1931, on the authorized credit of appellant. It is argued by appellant that there could have been no purpose in requiring appellee to execute the guaranty contract unless it was intended to cover Malish's account which accrued prior to May 13, 1931, because appellee's agency contract bound him to pay the account contracted after said date. On the other hand, appellee contends that the contract is ambiguous as to what indebtedness of·Malish he guaranteed the payment of because the indebtedness contracted prior to May 13, 1931, was long past due and in default when he executed the guaranty agreement, which bound him to pay Malish's indebtedness "when due" and to punctually pay such indebtedness, "if default in the payment thereof be made by Isadore Malish." Appellee argues that this language of the guaranty contract clearly compels the conclusion that he did not bind himself to pay any indebtedness which was already long past due and in default. In this connection appellee testified that it was customary for appellant to require him to execute similar guaranty contracts on unauthorized credit sales even though his agency contract guaranteed the payment of such sales. He further testified, over the objection that the oral testimony varied the terms of the written guaranty contract, that before he signed it he went to the office of appellant in Houston, Tex., and discussed its execution with the agent of appellant; and that said agent told him that the guaranty agreement would apply only to the indebtedness contracted by Malish after May 13, 1931, and would not in any manner apply to the indebtedness of Malish contracted prior to said date. This evidence of appellee was in no way controverted by appellant.

The trial courts correctly construed the language of the guaranty contract to be ambiguous with respect to what indebtedness of Malish it was intended to cover, when interpreted in the light of the circumstances attending its execution, the situation of the parties, and the subject-matter involved. It was executed long after the account for the merchandise sold to Malish on the authorized credit of appellant prior to May 13, 1931, was due and in default. It was similar in form to the guaranty contracts customarily required of appellee for any unauthorized credit sales, even though his agency contract bound him to pay for such sales. The language employed did not describe the specific indebtedness of Malish intended to be covered by the guaranty agreement, but referred to it as being "all present and future indebtedness, howsoever arising," to be paid "when due" and "if default in payment thereof be made" by Malish. The contract did not show or provide when such indebtedness would be due or in default, and the lan-

guage, "when due" and "if default in payment" be made by Malish, is susceptible of the interpretation that appellee did not bind himself to pay any indebtedness of Malish which was already due and in default. In any event, such language is of doubtful meaning with respect to what indebtedness of Malish was intended to be covered by the agreement. The trial court so construed the agreement, and permitted appellee to testify that before he signed it he took it to appellant's office at Houston, and was told by appellant's agent 'that the agreement did not apply to the indebtedness contracted by Malish prior to May 13, 1931, but that it applied only to his indebtedness contracted after said date. This parol testimony was admissible to explain the ambiguity of the guaranty contract with respect to what indebtedness of Malish was intended to be covered by the guaranty contract. Kingston v. Pickins, 46 Tex. 99; Ryan v. Kent (Tex.Com.App.) 36 S.W.(2d) 1007; Ludtke v. Mackey (Tex.Com.App.) 261 S.W. 140; 17 Tex.Jur. 864, § 392. And since the effect of the parol testimony was that appellant agreed at the time of the execution of the guaranty contract to not hold appellee liable for the indebtedness contracted by Malish prior to May 13, 1931, on the authorized credit of appellant, the trial courts correctly held that the parties did not intend by the guaranty contract to bind appellee to pay such prior indebtedness.

If, however, the terms of the guaranty contract are broad enough to bind appellee to pay the indebtedness of Malish contracted prior to May 13, 1931, he will not be required to do so, because appellee was induced to sign the agreement by the representations of appellant's agent that it did not apply to such prior indebtedness, but only to the indebtedness contracted after said date. Appellee pleaded, and his testimony was uncontroverted, that before he executed the guaranty contract he went to the office of appellant at Houston, Tex., and discussed its execution with an agent of appellant; that the agent represented or told appellee that the guaranty agreement should apply only to the indebtedness contracted by Malish after receipt of notice of May 13, 1931, to cancel his authorized credit; that it would not apply to any indebtedness contracted by Malish prior to said date; that he believed said representations and relied upon them; and that he would not have executed the guaranty contract but for such representations.

■ The rule is settled that "the parol evidence rule does not apply where the written contract is shown by pleading and evidence to have had its inception in fraud." Marion Machine Foundry & Supply Co. v. R. T. Harris Interests et al. (Tex.Civ.App.) 26 S.W.(2d) 449, 450, wherein it is held that in an action for the purchase price of goods sold to a partnership, parol evidence was admissible to show that prior to and at the time of the execution of the contract for such purchase, it was agreed that the individual members of the partnership would not be liable for the purchase price, the court holding that the parol evidence rule did not apply where the written contract was induced by fraud. See, also, the case of Lange v. Binz (Tex.Civ.App.) 281 S.W. 626, wherein it is held that even a mistake of law will be relieved against, if the party acting under such mistake is induced to do so by the inequitable conduct of the other party to the contract. In the instant case, appellee was not liable for the indebtedness of Malish contracted prior to May 13, 1931, and appellant induced him to sign the written contract in suit upon the representation that it did not require him to pay such prior indebtedness. Manifestly, it would be inequitable for appellant to enforce the contract induced by such inequitable conduct.

■ Nor is the rule that payments by a debtor will be applied by law to the oldest items of indebtedness applicable in this case. Appellant neither alleged nor proved that it had so applied the payments remitted by appellee on the oldest indebtedness of Malish; but contends that since such payments were remitted by appellee without instructions, the law would apply them to the oldest items of indebtedness. This rule is not applicable, because appellee did not owe the indebtedness contracted prior to May 13, 1931; but was only obligated to collect and remit payments thereon to appellant. Appellee testified that the collections and payments were made on the indebtedness of Malish's contract after said date; that he did not instruct appellant as to which indebtedness the payments should be applied; but that he intended that the payments should be applied on the account incurred after May 13, 1931, and for which he was liable under the guaranty agreement. Manifestly, it would be inequitable to apply these payments on the indebtedness for which appellee was not liable. The law is settled that where neither party has signified his purpose as to the application of pay-

ments by a debtor, the law will not apply such payments to the oldest items of indebtedness, if such application would work an injustice; and that in such cases the law makes the application which is in accord with the justice and equity of the particular case. Carey v. Ellis (Tex.Civ.App.) 46 S.W.(2d) 1012; Nelson Mfg. Co. v. Wallace et al. (Tex.Civ.App.) 66 S.W.(2d) 505; 32 Tex.Jur., 683, § 29.

The judgment of the trial court will be affirmed.