**WARE v. HARKINS.**

No. 2903.

Court of Civil Appeals of Texas. Waco.

March 9, 1950.

Rehearing Denied April 6, 1950.

Henry Tirey, Dallas, J. J. Fagan, Dallas, Ed C. Stearns, Dallas, for appellant.

Geo. S. Peabody, Dallas, R. G. Smith, Dallas, C. A. Mattay, Dallas, for appellee.

LESTER, Chief Justice.

This is an appeal from the 68th District Court of Dallas County. The cause was brought by the appellee, H. D. Harkins, against appellant, V. L. Ware, in which the appellee sued upon an oral contract and for an accounting to recover of and from the appellant the sum of $112,300.00, representing the principal and interest alleged to be due him under his said contract, and in the alternative for the sum of $112,300.00 as actual and $50,000.00 as exemplary damages by reason of the alleged fraud of the appellant.

Appellee alleged that on or before March 14, 1944, he was the owner of a furniture loan company and all notes, mortgages and assets of said company, which amounted to approximately $12,300.00; that on or about said date he entered into an oral contract with the appellant, whereby he delivered and entrusted to him said assets upon the agreement that the appellant would operate and manage said furniture loan company business for appellee, make and collect all loans of said business, charge interest thereon at the rate of ten per cent per annum, take sufficient personal or collateral security therefor, endorse and guarantee the payment of all such loans to and for the protection of the appellee and hold appellee harmless from loss thereby and use and reloan in the business the accumulation of the said interest of ten per cent per annum due and payable to the appellee, and bearing and paying all operating costs and expenses of the business; that the appellant was to loan all of the said appellee's money, as well as any other money used by him, in the said business, as a broker, and was to secure his compensation for operating the said business solely from his brokerage charges made to and collected from the borrowers of such money; that the appellant was to keep a complete, accurate and true account of all business and transactions had by him under the name of Furniture Loan Company and to keep said records and accounts open and available for

inspection by appellee, and to pay and deliver to the appellee 2½ years thereafter on or about September 14, 1946, the said principal amount of $12,300.00 and all amounts of ten per cent interest per annum charged and collected by the appellant upon any and all loans of money made by him in the name of Furniture Loan Company. That by certain false representations upon the part of the appellant, and with the intent to deprive appellee of his said rights and payment and to defraud him thereof, and with the intention of deceiving the appellee and for the purpose of inducing him to execute the following instrument which appellant prepared and presented to him for his signature, that he executed the following instrument:

"V.L.WARE   ·
Automobiles & Loans
2401 Commerce Street,
Dallas, Texas,
August 18, 1944

Mr. H. D. Harkins,
Dallas, Texas.
Dear Sir:

For and in consideration of you permitting me to operate as H. D. Harkins, d.b.a. Furniture Loan Company, I hereby accept all responsibility and liability of whatever nature that might accrue against you account of my operation of said business, and I agree to hold you harmless and free of any liability, expense, judgments, etc. that might occur account of my running of the said business.

It is thoroughly understood and agreed that I am permitted to use your name only in the operation of the said loan business, for which I am to accept all and full responsibility.

It is further agreed that I am to pay you $10.00 each month for the privilege of so operating.

It is further agreed that this contract may be terminated at any time by either party hereto giving the other party 15 days notice and which case you are to give a full transfer and title to all notes, mortgages, or any other property then in name of said Furniture Loan Company; it being understood, however, that actual title already exists in me.

Yours truly,
V. L. Ware,

For and in considerations above set out this contract is hereby accepted.

H. D. Harkins."

That the said business of Furniture Loan Company as to its name and its assets and operations by appellant was carried on, managed and handled solely by the appellant from and after March 14, 1944, until on or about September 18, 1948, in accordance with and under the said original agreement between the appellee and appellant as the appellee believed and was led to believe at all times by the representations, assurances and promises of the appellant; that on or about September 14, 1946, the appellee requested of the appellant that he make an accounting of the said business to the appellee and pay and repay to him the said principal amount of $12,300.00 and all interest and accumulation of interest charged and collected, invested and reinvested in the said business by the appellant during the preceding 2½ years; that thereupon the appellant represented to the appellee that they should continue to carry on the said business as heretofore and upon said original agreement made by and between them on or about March 14, 1944, and that the business should thereafter continue and be so continued until such time as they should mutually agree to terminate same and close the operation of said business; that the said business was thereafter so conducted as the appellee believed until the termination of the said business relationships on or about September 18, 1948; that the appellant's said representation and promises to make such final accounting and payments upon the termination of said business, induced and caused appellee to agree to renew and continue said business operations thereafter until said termination and the appellee would not have consented to or agreed to the continuation of said business thereafter if he had not trusted and relied upon the appellant's statements, representations and promises; that because of the original and continuous false and fraudu-

lent representations made by the appellant to the appellee and his continuous pursuit of his fraudulent scheme, devise, handling and systematic course of dealings in the handling of appellee's said assets, name and business, he did not discover said fraud until on or about September 14, 1948.

The appellant's first four points are as follows:

"First Point: The trial court should not have permitted the plaintiff to testify to an oral agreement alleged to have occurred between the parties on or about the 14th day of March, 1944, varying and contradicting the terms of a written agreement entered into by and between the parties on August 18, 1944, covering the same subject matter.

"Second Point: The plaintiff having signed a written contract with the defendant on or about August 18, 1944, should not be permitted by the court to testify that the terms therein set forth should not be in the contract in respect to the matters therein contained.

"Third Point: Where the parties enter into an express written contract in the absence of fraud, accident or mistake, the plaintiff should not be permitted by the court to testify to a prior parol agreement contrary to the terms of the written contract.

"Fourth Point: Where a written instrument is not ambiguous and clearly expresses the intention of the parties, plaintiff should not be permitted by the court to offer testimony which seeks to add by parol agreement, variations or additions to the written contract, as all prior promises and agreements of the parties relating to the transaction have been merged into and fully expressed by the written instrument."

The case was tried before the court without the aid of a jury. The court, at the request of appellant, filed his findings of fact and conclusions of law.

■ Appellee's suit was based upon an oral contract, or part oral and part in writing. It was certainly admissible for him to testify to the terms of the same. As to the contract of August 18, 1944, which the appellee assailed in his pleadings and evidence by reason of the fraudulent repre-

sentations upon the part of the appellant in the procurement of said contract, and which the court found to be true, and the same is amply supported by the evidence. The rule has often been stated that "the parol evidence rule does not apply where the written contract is shown by pleading and evidence to have had its inception in fraud." Marion Machinery Foundry & Supply Co. v. Harris, Tex.Civ.App., 26 S. W.2d 449, 450; Texas Co. v. Schramm, Tex.Civ.App., 93 S.W.2d 544; Bankers Life & Loan Ass'n v. Pitman, Tex.Civ. App., 115 S.W.2d 1008; Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873.

■ Authorized by Rule 172 of Vernon's Texas Rules of Civil Procedure, the court appointed an auditor to state the accounts between the parties. The auditor filed his report in due form, to which the appellant objected as not being complete. The court overruled the objection and admitted the report in evidence. The court heard all the evidence offered by the appellant in contradiction of said report. The court did not commit error in admitting said report in evidence. Tracy v. Willacy County, Tex.Civ.App., 169 S.W.2d 217; Daniels v. U. S. Rubber Co., Tex.Civ.App., 199 S.W.2d 533; Cook v. Peacock, Tex.Civ.App., 154 S.W.2d 688.

Appellant says the court erred in his conclusions of law wherein he found that the defendant was estopped to deny that H. D. Harkins had an interest in the Presley notes to the extent of ten per cent interest thereon, in view of his sworn testimony in other suits, for the reason that the testimony referred to by the court was explained by him on the trial of this cause wherein he testified that he was mistaken in the testimony in the former suits although testifying in good faith. In this connection the court made the following findings:

"8.

"I find that V. L. Ware in all of his dealings with the borrowers and applicants for loans from Furniture Loan Company represented himself to be a broker and that the funds loaned were the property of H. D. Harkins; and that V. L. Ware made all

advances of money to, and collected all money from, the said borrowers.

## "9.

"In the period from March, 1944, to October, 1946, V. L. Ware prepared and filed numerous suits, many without the knowledge of H. D. Harkins, in the Justice of the Peace Court and several of the County Courts at Law of Dallas County, Texas, in the name of H. D. Harkins, Plaintiff doing business as Furniture Loan Company and as sole owner of the business, and caused processes to issue thereon, took judgments and caused orders of sale to issue and collected funds thereon; in this connection I find that V. L. Ware is not an attorney at law. All of the applications for sequestration and affidavits and bonds accompanying same, except one, were prepared by V. L. Ware or by his direction and the name of H. D. Harkins was signed thereon in each instance by V. L. Ware.

## "10.

"Beginning about October, 1946, and continuously thereafter Ed C. Stearns, an attorney at law, filed with authority of V. L. Ware several suits in courts in Dallas County in the name of H. D. Harkins, plaintiff doing business as Furniture Loan Company, and many without the knowledge of H. D. Harkins, in which suits the said attorney made affidavit that H. D. Harkins was the sole owner of the business and assets of the Furniture Loan Company including the notes sued upon, and in said suits the name of H. D. Harkins was signed to the applications for sequestration and to the affidavits and bonds by V. L. Ware; and in at least two of these suits V. L. Ware testified by deposition and as a witness in open court that H. D. Harkins was the sole owner of the business and that Harkins was to receive ten per cent on the money loaned and that he, Ware, was to receive a brokerage for services rendered in procuring the loans. The said Ed C. Stearns is one and the same person appearing as one of the attorneys of record for the defendant in this present cause.

## "11.

"I find that during the period involved in this controversy at least 440 chattel mortgages were filed for record with the County Clerk of Dallas County, Texas, in each of which the mortgagee was shown to be Furniture Loan Company, with endorsement and guaranty by V. L. Ware.

## "12.

"I find that V. L. Ware without the knowledge of H. D. Harkins endorsed the name of H. D. Harkins on check No. 715 of the Treasurer of Dallas County, Texas, drawn on Account No. 504—Bill Shaw, District Clerk—Trust Fund for $150.00 in payment on account of No. 16090—Harkins v. Owens and collected and retained the proceeds therefrom.

## "13.

"I find that in Case No. 85745-A in the County Court at Law #1 of Dallas County, Texas, in which H. D. Harkins dba Furniture Loan Company is plaintiff and Mrs. Harry Schultzbach is defendant, V. L. Ware did on February 18, 1948, sign the name of H. D. Harkins to an instrument purporting to be an assignment of judgment in which the judgment and the sum of $160.50 with interest and attorney's fees was assigned to Au Vern Ware and in the same instrument V. L. Ware, acting in his capacity as a notary public, signed the affidavit and affixed his official seal thereto, all without the knowledge and consent of H. D. Harkins. The named Au Vern Ware is the daughter of the said V. L. Ware.

## "14.

"I find that V. L. Ware used H. D. Harkins and the Furniture Loan Company as a shield behind which he conducted a loan business. In suits brought against V. L. Ware seeking to enforce the law against usury, V. L. Ware testified under oath that H. D. Harkins was the sole owner of the Furniture Loan Company, and in numerous suits filed by both V. L. Ware and his duly authorized attorney, H. D. Harkins is represented as the sole owner of the Furniture Loan Company, thus holding H.

D. Harkins out to the world as a man who collected ten per cent interest on money and in addition thereto probably participated in a brokerage charge, so called, of 20 per cent; thus subjecting said H. D. Harkins to suits for usury and to the pains and penalties of usury exposing him to whatever criticism the public may have for a man or a concern which charges a total of 30 per cent for the procurement and use of money, whether it be interest or 'brokerage', or both."

We think it is reasonably clear that the court based his conclusions of law upon the above findings. The appellant was, upon this trial, given every opportunity to explain or modify his testimony given in the other proceedings, and this is the way he explained it: "Well, it just depends on what kind of condition I am in, maybe. When that come up, it was rather sudden and I believed that I was being unjustly sued by an attempted blackmail case, and I was a little bit excited and probably didn't make a coherent answer to a lot of my questions." And the further explanation he gave for making affidavits that the appellant was the sole owner of the notes and his testimony to the same effect and that he had no interest in them was that the appellee "was the recorded owner of said notes." We are of the opinion that the other findings made by the trial court in addition to those heretofore quoted are binding on the appellant. The trial court found that the appellee and appellant entered into the oral contract of March 1944, as pleaded by the appellee; that they operated under the same; that the written contract of August 18, 1944, was procured through the fraudulent representations made by the appellant for the purpose of deceiving the appellee; that the appellee believed and relied upon the same and that he would not have entered into said contract except for said representations. If the court erred in the above conclusion, the erroneous conclusion would not destroy the court's findings of fact from which such conclusion was drawn. Keith v. Connally, Tex. Civ.App., 85 S.W.2d 788. Furthermore, such conclusion would not vitiate other conclusions founded upon valid findings of fact. The court further concluded: "I conclude that the plaintiff, H. D. Harkins, is entitled in law to recover of the defendant, V. L. Ware, ten per cent interest per annum on the sum of $12,300.00 from March 14, 1944, to September 18, 1948, that is, the total sum of $5,545.25." The Court further found that the appellee H. D. Harkins was indebted to the appellant in the sum of $579.70, which, in his judgment he deducted from the $5,545.25, and entered judgment against appellant in favor of the appellee for $4,965.55.

We have considered the other assignments of error raised by the appellant and they are each hereby overruled. The judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration and disposition of this case.